IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TROY ANTONIO SMITH,
    Plaintiff,

v.                  Civil Action No. 3:23cv292

DUPONT SPECIALTY PRODUCTS USA, LLC,
*et al.*,
    Defendants.

## OPINION

Troy Smith, the pro se plaintiff, worked for Dupont Specialty Products USA, LLC ("Dupont"), as a general operator from January 2022 until Dupont fired him in June 2022. During his tenure, Smith's coworkers harassed him due to his gender identity, and his supervisors delayed his training progress and failed to protect Smith from his coworkers' harassment. He has sued Dupont and three Dupont supervisors ("the defendants") for disparate treatment, imposing a hostile work environment, and retaliation due to Smith's gender identity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts I, II, and IV); and for failure to accommodate under the Americans with Disabilities Act ("ADA") (Count III). The Amended Complaint also generally asserts that the defendants defamed Smith's character.

The defendants have moved to dismiss in part Smith's Amended Complaint, asking the Court to dismiss the Dupont supervisors from this action, to dismiss Smith's ADA claim, and to dismiss Smith's defamation claim. First, because neither Title VII nor the ADA provides for causes of action against individual supervisors, the Court will grant the defendants' motion as to Smith's former supervisors and dismiss them from this action. Second, because Smith failed to exhaust his administrative remedies before bringing his ADA claim, the Court will dismiss his ADA claim with prejudice. Third, the Court construes certain statements within the Amended

Complaint as a defamation claim. Because an absolute privilege shields the defendants' statements to the Equal Employment Opportunity Commission ("EEOC"), the Court will dismiss Smith's defamation claim with prejudice.

## I. <u>FACTS ALLEGED IN THE AMENDED COMPLAINT</u>[1]

Smith worked as a general operator at Dupont from January 2022 until he was terminated on June 15, 2022, purportedly due to insubordination. In March 2022, Smith's coworker harassed him due to his disability.[2] He reported this harassment to his supervisor, Carell Greene, by making "his first official complaint to Green[e], per Dupont's training on harassment procedures." (ECF No. 4 ¶ 3.) Additionally, from March to June 2022, Smith's coworkers harassed him due to "his sex and gender identity . . . at least once a week." (*Id.* ¶ 4.) During that period, he also "received unfair treatment [from Charlene Spurlock] in his training process which led to delays in his training progress." (*Id.* ¶ 5.) Smith notified his supervisor, Angela Barnes, about this disparate treatment. He then made a second harassment complaint to Greene, informing her of his coworkers' "excessive amount of offensive comments" that "included offensive questions about confidential personal information." (*Id.* ¶¶ 4, 7.) In response, Greene verbally agreed to give Smith a reasonable accommodation, but she never actually provided that

---

[1] When Smith filed his Amended Complaint, (ECF No. 4), it became operative in this case. (ECF No. 2, at 2.) The Court, therefore, does not consider Smith's original Complaint when deciding this motion except to the extent it includes items integral to and explicitly relied on in the Amended Complaint. *See infra* n.5.

[2] The Amended Complaint does not identify Smith's disability. The Court does not consider any new facts Smith asserts in his response brief because "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Weakley v. Homeland Sec. Sols., Inc*, No. 3:14cv785, 2015 WL 11112158, *5 (E.D. Va. May 19, 2015), *report and recommendation adopted sub nom. Weakley v. Homeland Sec. Sols., Inc.*, No. 3:14cv785, 2015 WL 11112159 (E.D. Va. June 16, 2015), *aff'd*, 622 F. App'x 253 (4th Cir. 2015) (quoting *Marsh v. Virginia Dept. of Transp.*, No. 6:14cv6, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014)).

accommodation. Dupont ultimately terminated Smith after he refused "to participate in an activity that would violate his protected rights." (*Id.* ¶ 8.)

## II. LEGAL STANDARD

The defendants move to partially dismiss Smith's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the evidentiary merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

The principle that a court must accept all allegations as true, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must therefore state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Smith does here, courts do not expect him to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts do not need to discern the unexpressed intent of a

plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. DISCUSSION

The defendants contend that (1) Smith's "former supervisors should be dismissed as parties to this lawsuit"; (2) Smith's ADA claim fails because he failed to exhaust his administrative remedies; and (3) if Smith has asserted a defamation claim, it fails because the defendants' alleged statements "are subject to an absolute privilege." (ECF No. 14, at 6, 9.)

#### *A. Defendants Greene, Spurlock, and Barnes*

The defendants first move to dismiss Smith's claims against his former supervisors, Greene, Spurlock, and Barnes. The defendants assert that "supervisors are not liable in their individual capacities for Title VII violations." (ECF No. 14, at 5 (quoting *Ables v. Metro. Wash. Airports Auth.*, 676 Fed. App'x 170, 177 (4th Cir. 2017)).) And they argue that, "[s]imilarly, employees and supervisors cannot be held individually liable for ADA violations." (*Id.* (citing *Jones v. Sternheimer*, 387 Fed. App'x 366, 368 (4th Cir. 2010)).)

Title VII provides that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). The statute defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." § 2000e(b). The Fourth Circuit interpreted this provision and held that an "employer" under Title VII includes the employing entity itself but does not include individual supervisors within that entity. *Lissau v. Southern Food Serv.*, 159 F.3d 177, 181 (4th Cir. 1998). Additionally, the ADA adopts the "powers, remedies, and procedures" of Title VII. 42 U.S.C. § 12117(a). The Fourth Circuit has thus clarified "that

4

neither Title VII nor the ADA "provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010).

Here, Smith identifies Dupont as his former employer and Greene, Spurlock, and Barnes as his former supervisors. The Amended Complaint does not allege facts that Greene, Spurlock, and Barnes are employers withing the meaning of § 2000e(b). Because neither Title VII nor the ADA places liability on individual supervisors, the Court will dismiss with prejudice the Amended Complaint as to Greene, Spurlock, and Barnes.[3]

### B. ADA Claim (Count III)

The defendants assert that because Smith's "EEOC Charge is entirely devoid of any allegation of disability discrimination," Smith did not exhaust his administrative remedies before filing his ADA failure-to-accommodate claim. (ECF No. 14, at 8.) They ask the Court to dismiss this claim with prejudice because Smith "failed to file an EEOC Charge alleging disability discrimination within the requisite time period and, therefore, any purported disability discrimination is 'forever barred.'" (*Id.* at 8–9 (quoting *Pitts-Brown v. Renal Treatment Ctrs.-Mid Atl., Inc.*, No. 2:21cv232, 2022 WL 16951329, at *17 (E.D. Va. Nov. 15, 2022)).)

An ADA "plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). "[A] charge may limit the scope of litigation, and allegations that fall outside the scope of the EEOC charge will be barred." *Sullivan v. Perdue Farms, Inc.*, 133 F. Supp. 3d 828, 834 (E.D. Va. 2015). "Documents filed by an employee with the EEOC," however, "should be construed, to the extent consistent with permissible rules of interpretation, to protect the

---

[3] The defendants also argue that Smith failed to name the individual defendants in his charge before the EEOC, which he must do before submitting a discrimination lawsuit against them. Because the Court will dismiss the individual plaintiffs on separate grounds, the Court need not address this second argument in detail.

5

employee's rights and statutory remedies." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). "If a plaintiff's claims in [his] judicial complaint are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000).

In his EEOC charge,[4] Smith specifically invokes Title VII and claims that he suffered "harassment because of [his] sexual identity as (transgender) and retaliated against by being discharged." (ECF No. 1-2, at 3.) He asserts that his coworkers "purposely misgender[ed] him," "referred to [him] with female pronouns," and "ask[ed] if [he] was a boy or a girl." (*Id.*) He contends that he told his supervisors about this harassment, and that one supervisor refused to "speak with [him] and threatened [his] job if [he] did not choose to work around the coworkers who subjected [him] to harassment." (*Id.*) Further, Smith identified "[r]etaliation" and "[s]ex" as the reasons Dupont discriminated against him. (*Id.*) Even construing the EEOC charge in Smith's favor, no allegations in the charge put Dupont on notice of Smith's ADA claim for a failure to accommodate. *See, e.g., Miles v. Dell, Inc.*, 429 F.3d 480, 492 (concluding that the plaintiff failed to exhaust her retaliation claim because she "did not check the retaliation box on her charge form, and the narrative explaining her charge made no mention of retaliation.").

---

[4] The Court may examine the plaintiff's notice-to-sue letter and EEOC charge, attached to the plaintiff's original Complaint and the defendant's memorandum in support of its motion to dismiss respectively, because both are integral to and explicitly relied on in the Amended Complaint. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Lake v. Capital One Bank, N.A.*, No. 1:11cv1342, 2012 WL 12973539, at *1 n.2 (E.D. Va. June 28, 2012) (taking judicial notice of an EEOC charge and right-to-sue letter attached to the defendant's motion to dismiss).

6

Accordingly, Smith failed to exhaust his administrative remedy as to his ADA claim (Count III), and the Court will dismiss it with prejudice.[5]

### C. Defamation Claim

The defendants contend that "it is unclear whether Plaintiff is attempting to pursue a formal claim for defamation," but that, if he is, the statements at issue—what the defendants wrote in the position statement they submitted to the EEOC—"are subject to an absolute privilege because they were made with respect to a judicial or quasi-judicial proceeding." (ECF No. 14, at 10.) Smith "does not oppose" the defendants' motion to dismiss his defamation claim, but he asks the Court "to be able to bring back the claim if information is provided in discovery that supports it." (ECF No. 17, at 2.)

"Absolute privilege, sometimes called judicial privilege, is broad in scope and applies to communications made in proceedings pending in a court or before a quasi-judicial body. *Lindeman v. Lesnick*, 268 Va. 532, 537, 604 S.E.2d 55, 58 (2004). A defendant may therefore claim absolute privilege over statements that are "relevant to the subject matter of the proceedings." *Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 797, 803 (E.D. Va. 2003). In *Shabazz*, the court found that "proceedings before the EEOC [are] quasi-judicial in nature." *Id.* at 804–05.

> The defendant in this case responded, as ordered by the EEOC, to a claim of discrimination filed by the plaintiff. The defendant had an obligation to respond, as well as a right to defend itself from the charges brought against it. Thus, the defendant should be entitled to protection from a claim of defamation. Finally, the plaintiff initiated these proceedings by filing a charge of discrimination

---

[5] Smith had "300 days from the last date of alleged discrimination to file a charge with the EEOC." *Bland v. Fairfax Cnty*, 799 F. Supp. 2d 609, 611 (E.D. Va. 2011) (citations omitted). Because Dupont terminated Smith on June 15, 2022, he needed to file his EEOC Charge by April 11, 2023. Because the "statutory time period elapse[d] between the allegedly discriminatory incident and the filing of the EEOC charge," Smith "is forever barred from [ADA] relief." *Pitts-Brown*, 2022 WL 16951329, at *6 (alteration in original).

against the defendant. As such, he impliedly consented to the defendant's use of the evidence supporting his termination.

*Id.* at 805 (citing *Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238, 249 (D.N.M. 1992)). Thus, "any relevant communications between the defendant and the EEOC are absolutely privileged and may not serve as the basis for [a] defamation lawsuit." *Id.*

Here, Smith asserts that "Dupont's position statement to the EEOC" defamed him. (ECF No. 4 ¶ 10.) Dupont's position statement indicates that "Smith only informed Green that 'he wanted her to know he was a boy,' and '[h]e indicated that . . . he thought that others were possibly questioning his gender, but made clear that he was telling her because he just wanted her to know.'" (*Id.* ¶ 9.) Because Dupont submitted its position statement to the EEOC in response to Smith's EEOC charge, Dupont "should be entitled to protection from a claim of defamation." *See id.* The Court thus finds that the written words in its position statement to the EEOC are absolutely privileged. Accordingly, the Court will dismiss Smith's defamation claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the defendant's partial motion to dismiss. (ECF No. 13.) The Court will dismiss with prejudice all claims in the Amended Complaint against the Dupont supervisors. The Court will also dismiss with prejudice Count III and the defamation claim.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Smith.

Date: 15 November ~~October~~ 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

8